```
Jordan S. Stanzler (SBN 54620)
STANZLER FUNDERBURK & CASTELLON LLP
2275 E. Bayshore Rd., Suite 100
Palo Alto, CA 94303
Telephone:   (650) 739-0200
Facsimile:   (650) 617-6888

Attorneys for Plaintiff
LARY W. GREMP
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARY W. GREMP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SARAH LITTLE; PATRICK TAYLOR; GLENN H. VAN SCHAACK; KATHLEEN DELOE, SONOMA COUNTY and BILL COGBILL, in his capacity as Sheriff of Sonoma County,<br><br>　　　　　Defendants. | Case No. C- 08-2303 PJH<br><br>ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASE SHOULD BE RELATED UNDER CIVIL LOCAL RULE 3-12(a) |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Plaintiff LARY GREMP through his attorneys of record hereby requests that this Court issue an administrative order pursuant to Local Rule 3-12(a) that the above-entitled action be related to a previously filed case entitled *Lary W. Gremp v. Sonoma County, Jim Piccinini, individually and in his capacity as acting Sheriff of Sonoma County, and Bill Cogbill, individually and in his capacity as Sheriff of Sonoma County,* Case No. C-07-02316 MMC, United States District Court for the Northern District of California.

This administrative motion is based on this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Jordan S. Stanzler, and on the complete files and

Administrative Motion re Related Case

records of this action and the previous action entitled *Gremp v. Sonoma County, et al.*, Case No. C-07-02316.

Respectfully submitted,

DATED: July 21, 2008

STANZLER FUNDERBURK & CASTELLON LLP

By: _____
Jordan S. Stanzler

Attorneys for Plaintiff LARY W. GREMP

## MEMORANDUM OF POINTS AND AUTHORITIES

This case is related to a previously filed case entitled *Lary W. Gremp v. Sonoma County, Jim Piccinini, individually and in his capacity as acting Sheriff of Sonoma County, and Bill Cogbill, individually and in his capacity as Sheriff of Sonoma County,* Case No. C-07-02316 MMC, United States District Court for the Northern District of California.

That case was dismissed without prejudice following a hearing before Judge Chesney on April 18, 2008. It was understood and/or agreed that this new action would be assigned to Judge Chesney.

The present case, *Lary W. Gremp v. Sarah Little, et al.*, involves the same event as the earlier case– namely, the alleged false arrest of Lary W. Gremp.

Respectfully Submitted,

STANZLER FUNDERBURK & CASTELLON LLP

By: _____
Jordan S. Stanzler

Attorneys for Plaintiff
Lary W. Gremp

Administrative Motion re Related Case          3

# DECLARATION OF JORDAN S. STANZLER

I, Jordan S. Stanzler declare as follows:

1. I am an attorney licensed to practice law in the State of California. and represent Lary Gremp in the above-entitled action.

2. I previously represented Lary Gremp in the action entitled *Lary W. Gremp v. Sonoma County, Jim Piccinini, individually and in his capacity as acting Sheriff of Sonoma County, and Bill Cogbill, individually and in his capacity as Sheriff of Sonoma County*, Case No. C-07-02316 MMC, United States District Court for the Northern District of California.

3. On April 18, 2008, I appeared in Case No. C-07-02316 at a hearing before the Honorable Maxine M. Chesney. A true and correct copy of the transcript of proceedings on April 18, 2008 is attached hereto as Exhibit A.

4. After extensive discussions on the record during the April 18, 2008 hearing, Case No. C-07-02316 was dismissed without prejudice with the understanding that a new case would be filed and would be assigned to Judge Chesney.

5. I have been unable to enter into a stipulation to this effect, since not all of the defendants have appeared in this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Palo Alto, California, this 21st day of July, 2008.

_____
Jordan Stanzler

Administrative Motion re Related Case                         4

Exhibit A

```
 1                    UNITED STATES DISTRICT COURT

 2                   NORTHERN DISTRICT OF CALIFORNIA

 3            BEFORE THE HONORABLE MAXINE M. CHESNEY, JUDGE

 4   ----------------------------)
                                 )
 5   LARY W. GREMP,              )
                                 )
 6                  Plaintiff,   )
                                 )
 7       v.                      )   No. C 07-2316 (MMC)
                                 )
 8   SONOMA COUNTY, et al.,      )
                                 )
 9                  Defendants.  )   San Francisco, California
                                 )   Friday, April 18, 2008
10   ----------------------------)         (7 pages)

11
                        TRANSCRIPT OF PROCEEDINGS
12
     APPEARANCES:
13
     For Plaintiff:          Stanzler, Funderburk & Castellon LLP
14                           2479 E. Bayshore Road
                             Suite 703
15                           Palo Alto, California 94303
                       BY:   JORDAN S. STANZLER
16
     For Defendants:         Geary, Shea, O'Donnell & Grattan
17                           37 Old Courthouse Square
                             Fourth Floor
18                           Post Office Box 429
                             Santa Rosa, California 95402
19                     BY:   STEVEN CORSON MITCHELL

20

21

22

23

24

25
```

CONNIE KUHL, RMR, CRR
Official Reporter - U.S. District Court (415) 431-2020

<u>Friday, April 18, 2008</u>

(11:25 a.m.)

**(In open court)**

THE COURT: We are recalling at this time the case of Gremp v Sonoma County, et al.

Counsel, would you please state your appearances for the record?

MR. STANZLER: Jordan Stanzler, representing plaintiff Lary Gremp.

MR. MITCHELL: Steve Mitchell, representing the defendants.

THE COURT: This matter is before the Court for a case management conference that originally was unreported. The parties, however, have arrived at an agreement with respect to the handling of the remaining defendant in this case; and potential defendants to a potential new action. And it appeared appropriate to endeavor to place that understanding on the record at this time with both counsel present.

I'm going to ask Mr. Mitchell, who took the laboring oar in stating what he understood to be the agreement earlier, to restate his understanding of that agreement for the record at this time; and I will then confirm with Mr. Stanzler.

MR. MITCHELL: Thank you very much, your Honor. I believe the stipulation is as follows:

Number 1, this action is dismissed without prejudice.

```
 1              Number 2:  That the County of Sonoma stipulates that
 2   the statute of limitations that may apply to any future
 3   injunctive relief action seeking the same injunctive relief as
 4   the present action would be based upon the filing of this
 5   action as opposed to a subsequently filed action.
 6              Third, that in the event that plaintiff in any new
 7   action seeks to name Kathy DeLoe as a defendant, that the
 8   defendants would not use the Court's ruling in and of itself on
 9   the motion to amend in which the Court found it would be futile
10   to proceed against Ms. DeLoe as a basis for Rule 11 sanctions.
11              THE COURT:  Let me, before Mr. Stanzler responds, let
12   me try to clarify a couple of things just to ward off any
13   problems in the future.
14              There's one defendant remaining in the case at this
15   time -- well, actually two, because Mr. Piccinini is still in
16   the case.  Is that right?  There hasn't been a voluntary
17   dismissal?
18              MR. MITCHELL:  He was never served.
19              THE COURT:  Oh, he's never been served, but he still
20   remains in the case, correct?
21              MR. STANZLER:  He's essentially named.
22              THE COURT:  He's a named defendant.  Mr. Piccinini and
23   the Sonoma County defendants are the only defendants who remain
24   in the case; is that correct?
25              MR. MITCHELL:  And Bill Cogbill, Sheriff Cogbill.
```

```
 1              THE COURT:  Is he still in the case?
 2              MR. STANZLER:  He's still in the case.
 3              MR. MITCHELL:  He's simply a sheriff.
 4              THE COURT:  Those are the only defendants to the
 5    action.
 6              MR. STANZLER:  At the present.
 7              THE COURT:  At the present time.  So the dismissal, if
 8    it is moved for, would be without prejudice.
 9              MR. MITCHELL:  Of the entire action.
10              THE COURT:  Of the entire action.  The statute of
11    limitations, you would agree, could be based on the filing of
12    the instant action, 07-2316, as to, I gather, the defendants to
13    this action, if they are all to be added.
14              MR. MITCHELL:  Just as to the injunctive cause of
15    action.
16              THE COURT:  Only as to the injunctive relief cause of
17    action.  And that is your understanding as well, Mr. Stanzler?
18              MR. STANZLER:  Yes.
19              THE COURT:  Okay.  And lastly, because there was a
20    phrase in the nature of "in and of itself" that was used,
21    quote-unquote, in trying to describe the agreement as to
22    Rule 11 sanctions or other sanctions essentially for some type
23    of frivolous or bad faith filing as to Ms. DeLoe, as I
24    understand it, the Defendant DeLoe will not rely at all on this
25    Court's ruling in seeking sanctions if she does for a filing of
```

1  a case against her.  If there are reasons separate and distinct
2  from this Court's ruling, she is free to raise any such reasons
3  at that time.
4          MR. MITCHELL:  I may base my argument on the same
5  rationale used by the Court, but I would not reference the fact
6  that the Court denied a motion to amend or found that it was
7  futile.  I would not use that as a basis for seeking sanctions.
8          THE COURT:  Yes, I think that that was my
9  understanding of your agreement earlier, but because you use
10 something in the nature of -- I don't have the exact quote -- a
11 phrase that suggested that you wouldn't use it alone but
12 possibly could couple it with another reason, I wanted to be
13 clear that my ruling will play no role.  The reasoning could be
14 used if you want as your own reasoning, but not attributing it
15 to the Court in any way or the Court's imprimatur on your
16 reasoning.
17         MR. MITCHELL:  That is my intent -- was my intent in
18 stating the stipulation.  Thank you.
19         THE COURT:  Okay.  Mr. Stanzler, let me ask you if the
20 agreement that you and Mr. Mitchell has now been correctly
21 stated for the record.
22         MR. STANZLER:  It has, your Honor.
23         THE COURT:  Now, is it the intent then that there
24 would be a file of a written motion to dismiss or do you wish
25 to move to dismiss now with the Court agreeing, an oral motion?

```
1          MR. STANZLER:  We could do it orally, your Honor.
2          THE COURT:  Do you move to dismiss this action at this
3     time?
4          MR. STANZLER:  Yes.
5          THE COURT:  Without prejudice?
6          MR. STANZLER:  Right, under the foregoing stipulation,
7     yes.
8          THE COURT:  Based on the foregoing stipulation, that
9     motion is granted and this action is dismissed without
10    prejudice.
11         Then I gather I will await the next filing.  The dates
12    that were coming up in this case such as pretrial and trial
13    dates are of course vacated by way of the dismissal.
14         All right.  Thank you, gentlemen.
15         MR. STANZLER:  Thank you, your Honor.
16         MR. MITCHELL:  Thank you, your Honor.
17         THE COURT:  See you later.
18         (Adjourned)
19                            oOo
20
21
22
23
24
25
```

CERTIFICATE OF REPORTER

I, CONNIE KUHL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in Case No. C 07-2316 (MMC), LARY W. GREMP v. SONOMA COUNTY, et al., were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

/s/ Connie Kuhl

Connie Kuhl, RMR, CRR

Thursday, June 12, 2008

**PROOF OF SERVICE**
[C.C.P. § 1013, C.R.C.§ 2008, F.R.C.P. Rule 5]

   I, Sharran L. Rodd, state:

   I am a citizen of the United States. My business address is 2275 E. Bayshore Rd., Suite 100, Palo Alto, CA 94303. I am employed in the City of Palo Alto, County of Santa Clara where this mailing occurs. I am over the age of eighteen years and not a party to this action. On the date set forth below, I served the foregoing documents described as:

   **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASE SHOULD BE RELATED UNDER CIVIL LOCAL RULE 3-12(a); [PROPOSED] ORDER**

on the following person(s) in this action by TELEFAX AND FIRST CLASS MAIL addressed as follows:

Raymond Fullerton, Esq.
Geary, Shea, O'Donnell, Grattan & Mitchell, P.C.
37 Old Courthouse Square, Fourth Floor
Santa Rosa, CA 95404

X: BY FIRST CLASS MAIL - I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to-wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing this date, following ordinary business practices.

X : BY FACSIMILE - I caused said document to be transmitted by Facsimile machine to counsel at the numbers indicated after the address(es) noted above.

: BY PERSONAL SERVICE - I caused to be served each envelope(s) by hand to the offices located at the above addresses.

: BY OVERNIGHT DELIVERY - I caused said document to be transmitted by Federal Express (FedEx priority overnight) to counsel at the address(es) noted above.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date at Palo Alto, California.

Dated: July 22, 2008

                    _____
                     Sharran L. Rodd