1  STEVEN C. MITCHELL, ESQ., SBN 124644
   RAYMOND J. FULLERTON, ESQ., SBN 219264
2  ROBERT W. HENKELS, ESQ., SBN 255410
   GEARY SHEA O'DONNELL GRATTAN & MITCHELL, P.C.
3  37 Old Courthouse Square, Fourth Floor
   Santa Rosa, CA  95404
4  Telephone: 707/545-1660
   Facsimile: 707/545-1876
5
   Attorneys for Defendants
6  KATHLEEN DELOE, SONOMA COUNTY
   and BILL COGBILL, in his capacity as
7  Sheriff of Sonoma County

8
                UNITED STATES DISTRICT COURT
9
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11
   LARY W. GREMP,                        CASE NO: CV 08-2303 MMC
12
                    Plaintiff,           **MEMORANDUM OF POINTS AND**
13                                        **AUTHORITIES IN SUPPORT OF**
            vs.                           **DEFENDANTS' MOTION TO DISMISS**
14                                        **PORTIONS OF PLAINTIFF'S SECOND**
   SARA LITTLE; PATRICK TAYLOR;          **AMENDED COMPLAINT FOR**
15 GLENN H. VAN SCHAACK;                  **FAILURE TO STATE CLAIMS UPON**
   KATHLEEN DELOE, SONOMA                 **WHICH RELIEF MAY BE GRANTED**
16 COUNTY and BILL COGBILL, in his       **[FRCP 12 (b)(6)]**
   capacity as Sheriff of Sonoma County,
17                                        Date: October 10, 2008
            _____Defendants._____/  Time: 9:00 a.m.
18                                        Ctrm.: 7, 19th Floor

19

20                                        Honorable Maxine M. Chesney

21

22

23

24

25

26
LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,27
GRATTAN &
MITCHELL
P.C.      28

Memorandum of Points and Authorities in Support of Motion to Dismiss

# TABLE OF CONTENTS

* * *

I.      INTRODUCTION ................................................................................................ 1

II.     PERTINENT ALLEGATIONS ........................................................................... 1

III.    PROCEDURAL HISTORY ................................................................................ 3

IV.     CAUSES OF ACTION SUBJECT TO DISMISSAL ........................................ 4

V.      LEGAL DISCUSSION ...................................................................................... 7

        A.      Gremp's pendent state-law causes of action should be dismissed with
                prejudice because he neither complied, nor pleaded compliance with the
                California Tort Claims Act – an essential element of each cause of action
                premised on California law ................................................................................ 5

        B.      Each cause of action alleged against Kathleen Deloe is barred by absolute
                prosecutorial immunity and should be dismissed ................................................. 6

        C.      Gremp has not alleged a proper cause of action for violation of his right to
                speedy trial under the Sixth Amendment ............................................................... 9

        D.      Each cause of action alleged against Bill Cobgill should be dismissed
                because Gremp does not allege that he was the sheriff when the probable
                cause determination was made and there are no other viable causes of
                action against him ................................................................................................. 11

VI.     CONCLUSION ................................................................................................ 11

LAW OFFICES OF
**GEARY, SHEA,
O'DONNELL,
GRATTAN &
MITCHELL,
P.C.**

i

# TABLE OF AUTHORITIES

\* \* \*

## <u>CASES</u>

<u>Barker v. Wingo</u> (1972)
407 US 514 ..................................................................................................... 10

<u>Buckley v. Fitzsimmons</u> (1993)
59 US 259 ........................................................................................................ 7

<u>Burns v. Reed</u> (1991)
500 US 478 ....................................................................................................... 6

<u>Clegg v. Cult Awareness Network</u> (1994)
18 f.3D 752 ...................................................................................................... 9

<u>Dennis v. Thurman</u> (1997)
959 F.Supp. 1253 ............................................................................................ 5

<u>Doggett v. United States</u> (1992)
505 US 647 ..................................................................................................... 10

<u>Kalina v. Fletcher</u> (1997)
52 US 118 ........................................................................................................ 8

<u>Karim-Panahi v. Los Angeles Police Dept.</u> (1988)
839 F.2d 621 ................................................................................................... 5

<u>Mackinney v. Nielson</u> (1995)
69 F.3d 1002 .................................................................................................. 11

<u>Sprewell v. Golden State Warriors</u> (2001)
266 F.3d 979 ................................................................................................... 9

<u>State v. Superior Court (Bodde)</u> (2004)
32 Cal.4th 1234 ................................................................................................. 5

<u>United States v. Marion</u> (1971)
404 US 307 ..................................................................................................... 10

LAW OFFICES OF
**GEARY, SHEA,
O'DONNELL,
GRATTAN &
MITCHELL,
P.C.**

Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss

1

**STATUTES**

2

Civil Code
  § 52.1 .................................................................................................................. 6

3

Government Code
  § 900.4 ................................................................................................................ 6
4
  § 905.2 ............................................................................................................. 5, 6
5
  § 911.2 ................................................................................................................ 5
  § 915(a) .............................................................................................................. 6
6
  § 945.4 ................................................................................................................ 5
  § 950.4 ................................................................................................................ 5

7

42 USC § 1983 ........................................................................................ 1, 3, 4, 9, 11

8

**AUTHORITIES**

9

Van Alstyne, <u>California Government Tort Liability Practice</u>
10
  § 5.14 (4th Ed. 2008) .......................................................................................... 5

11

Van Alstyne, <u>California Government Tort Liability Practice</u>
  § 6.12 (4th Ed. 2008) .......................................................................................... 5

12

13

14

15

16

17

18

19

20

21

22

23

24

LAW OFFICES OF
**GEARY, SHEA,
O'DONNELL,
GRATTAN &
MITCHELL,
P.C.**

25

26

27

28

iii

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I.

Introduction

Compliance with the presentation requirements of the California Government Code is an essential element of a cause of action under California law against any public entity or employee. Here, plaintiff Lary Gremp alleges two pendent state-law causes of action against Sonoma County and its employees.  But Gremp failed to present a tort claim to the County.  Because Gremp has not, and cannot allege this essential element, the pendant state law claims should be dismissed with prejudice.

Gremp's remaining causes of action under 42 USC § 1983 are also defective.  His causes of action against District Attorney Kathleen Deloe are barred by absolute prosecutorial immunity. He alleges an invalid cause of action for the alleged violation of his Sixth Amendment right to speedy trial.  And he has failed to state valid causes of action against defendant Bill Cogbill. Defendants respectfully request that the motion to dismiss be granted.

II.

Pertinent Allegations

This case arises out of an arrest resulting from plaintiff Lary Gremp's provision of false documents to a state investigator in the course of her investigation.  For purposes of this motion, Gremp's well pleaded allegations are assumed to be true. The pertinent allegations are as follows:

In May of 1995, Gremp, as head of Modesto Livestock, entered into a business arrangement with Chiapetta Ranch in which "Modesto Livestock would purchase cattle at auction, and transfer them to Chiapetta to raise."  (See Second Amended Complaint (SAC), ¶ 10.)  Upon sale of the cattle at a subsequent auction, "Modesto Livestock would be paid a commission and Chiapetta would receive the balance of the proceeds."  (*Ibid*.)  Prior to sale, however, Gremp and Chiapetta reached a disagreement over the specific terms of the arrangement and Chiapetta demanded payment for costs expended on feed before the auction.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1   (SAC, ¶21.)  To aid him in the dispute, Chiapetta contacted a state livestock brand inspector,

2   Maureen Doherty.  (SAC, ¶ 22.)

3        Inspector Doherty demanded that Chiapetta provide proof of ownership for the cattle, and

4   Chiapetta complied by showing her an invoice.  (SAC, ¶ 23.)  Based on the invoice, Inspector

5   Doherty believed that Chiapetta owned the cattle.  (*Ibid.*)  In response to Gremp's conflicting

6   claim that Modesto Livestock was the true owner of the cattle, Inspector Doherty requested that

7   he supply her with proof.  (SAC, ¶ 26.)  On February 29, 1996, Gremp sent Inspector Doherty an

8   invoice which, he claimed, proved that his company, Modesto Livestock, owned the cattle.

9   (*Ibid.*)  Inspector Doherty apparently determined that Chiapetta had the superior claim to the

10  cattle, as she required Chiapetta to execute a "Bill of Sale or Consignment" to transfer the cattle

11  to Gremp after Gremp made the demanded payment. (SAC ¶¶ 27-29.)

12       Thereafter, Patrick Taylor, of the State of California Department of Food and Agriculture

13  Bureau of Livestock Identification, commenced an investigation in which he determined that the

14  invoice Gremp sent to Inspector Doherty in the course of her investigation was a forged

15  document.  (SAC, ¶ 31.)  Taylor's conclusion was based on an audit conducted by the United

16  States Department of Agriculture, Packers and Stockyards Administration.  (SAC, ¶ 33.)  The

17  audit "confirmed that the invoice that was in Chiapetta's possession was the original invoice and

18  the invoices presented by Gremp on two different occasions were falsified."  (SAC ¶ 35.)  Glen

19  Van Schaack, also of the Bureau of Livestock Identification, concurred with Taylor's

20  determination and a report was forwarded to the Sonoma County Sheriff Department.  (SAC, ¶¶

21  31-32.)

22       Sgt. Lopez of the Sonoma County Sheriff's Department received Taylor's report, filled

23  out an appropriate "Crime/Incident Report," performed "follow-up investigation," and referred

24  the matter to Chief Assistant District Attorney of Sonoma County, Kathleen Deloe for review.

25  (SAC, ¶ 40.)  Deloe reviewed the case and requested that Detective Richard York of the Sonoma

26  County Sheriff's Office gather further information.  (SAC, ¶ 41.)  Specifically, she asked York to

27  provide a summary of pertinent facts and to determine whether Chiapetta may have forged or

28  falsified any of the documents.  (*Ibid.*)

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1    Detective York complied with Deloe's request to perform further investigation by

2    discussing the issues with Van Schaack. (SAC, ¶ 43.) Van Schaack confirmed Gremp's position

3    that Modesto Livestock "paid for these heifers and Chiapetta did not," but pointed out that who

4    paid for the heifers was immaterial to the question of whether false documents were provided to

5    a state inspector. (*Ibid.*) Deloe determined that a crime had been committed when Gremp

6    submitted false documents to Inspector Doherty in the course of her investigation. (SAC ¶ 47.)

7    On June 10, 1997, Officer Sarah Little of the Sonoma County Sheriff Department, a named

8    defendant, signed a "Warrant-Felony Complaint," which included Taylor's report, and submitted

9    the documentation to a judicial officer for review and issuance of a warrant. (SAC, ¶¶ 52-53.)

10    In November 2006, a Stanislaus County deputy sherif arrested Gremp at Gremp's office

11    in Stanislaus County. (SAC, ¶ 80.) Although Gremp spent several hours at the jail before being

12    released, the case was subsequently dismissed. (*Ibid.*)

13    Importantly, Gremp's Second Amended Complaint  fails to allege that he filed a tort

14    claim with the County of Sonoma within 6 months of his arrest as is required by California's Tort

15    Claim Act.

16    III.

17    Procedural History

18    This action represents the second lawsuit filed by Lary Gremp arising out of his

19    November 2006 arrest.  On Aril 27, 2007, Gremp filed the first action, case number 07-2316,

20    against the County of Sonoma, Jim Piccini, and Bob Cogbill alleging similar causes of action

21    under 42 USC § 1983 and state law.  A trial date was set for July 21, 2008.

22    On March 7, 2008, a month after non-expert discovery was to close, Gremp moved the

23    Court for leave to amend to add Sonoma County District Attorney Kathleen Deloe and State

24    Investigator Patrick Taylor as defendants.  Defendants opposed the motion, arguing that it would

25    be futile to add Deloe, given her absolute prosecutorial immunity, and that the amendment would

26    cause undue delay.  As is also alleged in the present Second Amended Complaint, Gremp argued

27    that Deloe was not entitled to absolute immunity because she performed the investigative

28    functions normally performed by a police officer in gathering facts.  The Court denied Gremp's

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1   motion to amend the complaint to add Deloe, ruling that, even under the facts alleged in the

2   proposed pleading, Deloe was entitled to prosecutorial immunity.  (See Order Denying leave to

3   Amend dated April 15, 2008 in Case No. 07-2316 MMC, attached to Request for Judicial Notice

4   as Exhibit 1).

5          On April 18, 2008, Gremp voluntarily dismissed  Case No. 07-2316 MMC.  He then filed

6   the present action based on the same underlying events while adding Kathleen Deloe, Patrick

7   Taylor, Sara Little, and Glenn H. Van Schaack as defendants

8

9                                   IV.

10                      Causes of Action Subject to Dismissal

11         This motion to dismiss is directed to all pendent state law claims asserted by Gremp

12  against Sonoma County, Bill Cogbill, and Kathleen Deloe on the basis that Gremp fails to allege

13  compliance with California's Tort Claim Act, an essential element to each pendant state-law

14  cause of action.

15         Additionally, this motion seeks dismissal of all causes of action alleged against Kathleen

16  Deloe on the basis that each and every cause of action alleged is barred by absolute prosecutorial

17  immunity.  And all causes of action alleged against Bill Cogbill on the basis that the facts alleged

18  do not support liability against him on nay basis.

19         Finally, defendants Sonoma County, Bill Cogbill, and Kathleen Deloe seek dismissal of

20  Gremp's cause of action under 42 USC § 1983 based on an alleged violation of the Sixth

21  Amendment right to speedy trial based on the fact that no such civil action is recognized under

22  federal law and the facts as alleged do not comprise a violation of the Sixth Amendment to the

23  United States Constitution.

24

25

26  LAW OFFICES OF
    GEARY,
    SHEA,
27  O'DONNELL,
    GRATTAN &
    MITCHELL
28  P.C.            //

1   //

V.

Legal Discussion

A.   **Gremp's pendent state-law causes of action should be dismissed with prejudice because he neither complied, nor pleaded compliance with the California Tort Claims Act — an essential element of each cause of action premised on California law.**

In order to bring a tort cause of action for money damages against a public entity under California law, a plaintiff must first present a claim in accordance with the Tort Claim Act. (Government Code §§ 905.2; 945.4.) "Presentation of a claim, when required by law, is a mandatory prerequisite to maintaining a cause of action against a public entity, and failure to file a claim is fatal to the claimant's cause of action." Van Alstyne, California Government Tort Liability Practice (4th ed. 2008) § 5.14, p. 182. Similarly, "when defendants are public employees, the plaintiff must first submit a written claim to the public entity that employs them before filing a lawsuit seeking monetary damages for violations of California law." *Dennis v. Thurman* 959 F.Supp. 1253, 1264 (C.D. Cal. 1997); California Government Code § 950.4. And, as the California Supreme Court has unequivocally held, that the failure to plead compliance with the claim presentation requirement subjects a complaint to general demurrer for failure to plead facts sufficient to constitute a cause of action. *State v. Superior Court (Bodde)* 32 Cal.4th 1234, 1243 (2004); see also *Karim-Panahi v. Los Angeles Police Dept.* 839 F.2d 621, 627 (9th Cir. 1988).

Gremp's Second Amended Complaint is devoid of any allegation that he presented a valid tort claim to the County of Sonoma prior to filing his suit. As such he has failed to state a valid cause of action against Sonoma County and Sonoma County employees Kathleen Deloe, and Bill Cogbill. Further, the time to present such a claim, and the late-presentation period, has long passed. Thus, the dismissal of state-law causes of action should be with prejudice.

A claim against a public entity for death or injury to a person must be presented no later than six months after the accrual of the cause of action. California Government Code § 911.2. This six-month period includes negligence and intentional torts, as well as injury to reputation and character. (Van Alstyne, *supra*, § 6.12, p. 267-268.) In the case of a local public entity, such

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1   as a county, the claim must be presented to the entity by delivering or mailing it to its clerk,

2   secretary or auditor, or by mailing it to the governing body at its principal office. (See California

3   Government Code §§ 900.4; 915 (a).) And a cause of action against a public employee or former

4   public employee is barred if such an action is barred against the employing public entity.

5   Government Code § 950.2.

6       In this case, Gremp alleges that he suffered injury as a result of his arrest on November

7   11, 2006. (SAC, ¶ 80.) Thus, he was obligated to file a tort claim with the County of Sonoma by

8   May 10, 2007. Because he failed to do so, he is forever barred. Accordingly, defendants

9   Kathleen Deloe, Sonoma County and Bill Cogbill respectfully request that Gremp's Second

10  Claim for Relief for "false arrest," and his Third Claim for Relief under California Civil Code §

11  52.1 be dismissed with prejudice.

12

13  **B.    Each cause of action alleged against Kathleen Deloe is barred by absolute prosecutorial immunity and should be dismissed.**

14      As discussed in the procedural history above, Gremp previously attempted to add

15  Kathleen Deloe as a defendant in this matter. Although he had already taken Deloe's deposition

16  and maintained the case for over a year, the Court ruled that the facts alleged in his proposed

17  pleading were insufficient to overcome absolute prosecutorial immunity. (See Order Denying

18  leave to Amend dated April 15, 2008 in Case No. 07-2316 MMC attached to Request for Judicial

19  Notice as Exhibit 1.) Similarly, the most recent incarnation of Gremp's complaint fails to allege

20  facts sufficient to demonstrate that Deloe acted in any capacity other than the traditional role of a

21  prosecutor.

22      It is well established under federal law that prosecutors are absolutely immune from

23  liability when preparing for the initiation of judicial proceedings while in the course of their role

24  as advocate for the state. *Burns v. Reed,* 500 US 478, 486 (1991). The immunity extends to

25  work outside the courtroom, including the analysis of evidence:

26      acts undertaken by a prosecutor in preparing for the initiation of judicial
        proceedings or for trial, and which occur in the course of his role as an advocate
27      for the State, are entitled to the protections of absolute immunity. Those acts must
        include the professional evaluation of the evidence assembled by the police and
28      appropriate preparation for its presentation at trial or before a grand jury after a

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1    decision to seek an indictment has been made.

2    *Buckley v. Fitzsimmons,* 59 US 259, 269 (1993).  Activity protected by the absolute immunity

3    includes the presentation of evidence in an effort to have a warrant issue.  *Burns*, *supra*, 500 US

4    at 1942.

5         Gremp, in an apparent attempt to sidestep absolute immunity in favor of qualified

6    immunity, attempts to argue that Deloe performed the function of an investigating officer.  To

7    this end, he relies on allegations concerning two memoranda prepared by Deloe.  The first, dated

8    February 11, 2007 , was from Deloe to Sonoma County Sheriff detective Richard York in which

9    Deloe poses several questions.  (See SAC, ¶ 41.)  Gremp goes on to allege that detective York

10    answered Deloe's questions by contacting defendant Glenn Van Schaak of the Bureau of

11    Livestock Identification, State Department of Food and Agriculture.  (SAC ¶ 43.)  But these

12    allegations, rather than establishing that Deloe acted as an investigator, demonstrate that it was

13    Detective York that gathered the necessary information.  In fact, Deloe acted precisely as a

14    prosecutor should have.  She evaluated the evidence and requested that law enforcement

15    personnel conduct further investigation to satisfy the questions she had before she instituted

16    criminal proceedings.  This is the traditional function of a prosecutor and is activity for which the

17    United States Supreme Court has consistently extended absolute immunity.

18         Similarly, the second memorandum Gremp cites, dated May 7, 1997 and addressed to

19    Deloe's own file, contains no evidence that she was acting in an investigatory capacity.  (SAC, ¶¶

20    46-47.)  In fact, this is the same memorandum that the court previously evaluated in denying

21    Gremp's motion to amend.  In its order, the court ruled:

22         The subject memorandum ... does not include any statement evidencing an
     investigation on the part of DeLoe.  Rather, the memorandum consists of DeLoe's

23         evaluation of the evidence collected by others and the basis for her determination
     that probable cause existed to support q finding, based in such evidence, that

24         Gremp had violated state law prohibiting the filing of false documents.

25    See Order Denying leave to Amend dated April 15, 2008 in Case No. 07-2316 MMC, p. 5,

26    attached to Request for Judicial Notice as Exhibit 1, (internal citations omitted).  As the court

27    already determined, the memorandum — the contents of which are outlined in Gremp's

28    complaint — is insufficient to show that Deloe engaged in an investigative function.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1    *Kalina v. Fletcher,* 52 US 118 (1997), involved facts similar to those presented here.  In

2    that case, the prosecutor filed a motion with the court to issue a warrant to arrest the plaintiff for

3    burglary.  In support of her motion for a warrant, the prosecutor submitted a summary of the

4    evidence in the case supporting the charge. The prosecutor also signed the affidavit in support of

5    the warrant under penalty of perjury.  The Supreme Court determined that the prosecutor

6    functioned in her prosecutorial capacity as an advocate of the state "for her drafting of the

7    certification, her determination that the evidence was sufficiently strong to justify a probable

8    cause finding, her decision to file charges, and her presentation of the information and the motion

9    to the court." *Kalina, supra,* 522 US at 130.  For this activity, she was afforded absolute

10   immunity.  (*Ibid.*)  However, the court determined that, in signing the affidavit, the prosecutor

11   acted as a witness and not as an advocate.  *Id.* at 129-30.  Accordingly, she did not receive

12   absolute immunity for this particular conduct.

13          Similarly, the allegations of Gremp's complaint, establish that Deloe's role in this matter

14   was to review the existing evidence, determine the existence of probable cause, to decide to file

15   charges, and to prepare the documents for judicial review.  Based on Supreme Court decision in

16   *Kalina v. Fletcher,* Deloe is entitled to absolute immunity for her actions.  And while the signing

17   of an affidavit in support of the warrant would defeat the immunity, Gremp specifically alleges

18   that defendant Sara Little — not Deloe — executed the affidavit in support of the warrant.

19   (SAC, ¶¶ 52-53.)  Thus, Gremp's Second Amended Complaint lacks any specific factual

20   allegations sufficient to establish that Deloe diverged from her traditional role as a prosecutor

21   and acted as an investigator in pursuing Gremp.

22          In addition to the allegations concerning the two memoranda prepared by Deloe, Gremp's

23   Second Amended Complaint contains several bare allegations that Deloe functioned as an

24   investigator in handling his case.  (See SAC, ¶¶ 42,48,49,50.)  However these conclusory

25   statements are offered with out any factual support.  As such, they are legal conclusions — not

26   well pleaded facts.  Further, they specifically contradict the specific factual allegations drawn

27   from the two memoranda.  And while courts ruling on a motion for dismissal must generally

28   accept allegations in a complaint as true, the court "is not required to accept legal conclusions

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

Memorandum of Points and Authorities in Support of Motion to Dismiss                         Page -8-

1  cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the

2  facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994). "Nor is

3  the court required to accept as true allegations that are merely conclusory, unwarranted

4  deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266. F.3d

5  979, 988 (9th Cir. 2001).

6        Gremp's conclusory allegation that Deloe was the "sole investigator" for the County of

7  Sonoma is controverted by numerous specific allegations in the Second Amended Complaint.

8  For example, according to the complaint, it was Patrick Taylor who initially reviewed the

9  information, who contacted the USDA to perform an audit, and who issued a report to the

10  Sonoma County Sheriff's Department. (SAC, ¶¶ 31-35.)  In fact an entire section of the report

11  issued to the County of Sonoma was entitled, "Investigation." (SAC, ¶ 34.)  Sgt. Lopez received

12  the report on behalf of the County, performed a "follow-up investigation," and issued a

13  Crime/Incident Report.  (SAC, ¶ 40.)  Further, after Deloe initially reviewed the documents, it

14  was Detective York who conducted the further investigation to address legal concerns raised by

15  Deloe.  (SAC, ¶¶ 41,44.)  Finally, it was Taylor's investigation — not any independent gathering

16  of evidence — that formed the basis for Deloe's May 7, 1997 memorandum evaluating the case.

17  (SAC, ¶ 47.)  Thus, because the conclusory allegations that Deloe performed the role of an

18  investigator are not supported by the specifically pleaded facts in the Second Amended

19  Complaint, they should be rejected by the court.  Deloe, as a Deputy District Attorney acting in

20  her proper prosecutorial capacity is entitled to absolute immunity.  Each cause of action alleged

21  against her should therefore be dismissed with prejudice.

22

23  **C.    Gremp has not alleged a proper cause of action for violation of his
        right to speedy trial under the Sixth Amendment.**

24        Gremp's First Claim for Relief under 42 U.S.C. § 1983 is somewhat unclear.  Although

25  he alleges violation of his constitutional rights secured by the Fourth and Fourteenth

26  Amendments, he also alleges that the nine-year delay, from the time his warrant was issued to the

27  time of his arrest, violated his right to a "speedy trial." (SAC, ¶¶ 117, 119.)  To the extent that

28  Gremp seeks recovery for the alleged violation of his sixth-amendment rights, the claims should

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1    be dismissed as to all defendants because such a right does not support a civil cause of action.

2         The Sixth Amendment guarantees that "*in all criminal prosecutions*, the accused shall

3    enjoy the right to a speedy and public trial." US Const. Amend. 6 (emphasis added.)  According

4    to the United States Supreme Court, based on textual and historical grounds, "the Sixth

5    Amendment right of the accused to a speedy trial has no application beyond the confines of a

6    formal criminal prosecution." *Doggett v. United States*, 505 US 647, 656 (1992).  "On its face,

7    the protection of the Amendment is activated only when a criminal prosecution has begun and

8    extends only to those persons who have been 'accused' *in the course of that prosecution*." *United*

9    *States v. Marion*, 404 US 307, 313 (1971) (emphasis added).  Thus, because a civil trial

10   necessarily exists outside of the criminal prosecution, federal law does not recognize a civil

11   remedy for a violation of an individual's right to a speedy trial.

12        Even if there were a civil remedy for Gremp to assert, he cannot establish a violation of

13   the Sixth Amendment because he did not suffer any prejudice as a result of the delay.  To

14   determine whether there is a violation of the Sixth Amendment in cases where there is a delay

15   from the time criminal charges are brought and the time that the defendant is arrested, courts look

16   at four factors: (1) whether the delay before trial was uncommonly long; (2) whether the

17   government or the criminal defendant is more to blame for that delay; (3) whether the defendant

18   in due course asserted his right to a speedy trial; and (4) whether he suffered prejudice as a result

19   of the delay.  *Doggett v. U.S*, 505 US 647, 651 (1992) citing *Barker v. Wingo*, 407 US 514, 530

20   (1972).

21        In this case, Gremp cannot establish, and has not pleaded, that he suffered any prejudice

22   due to the delay in his arrest.  Further, he does not allege that he ever asserted his right to speedy

23   trial.  In fact, he did not need to.  The criminal charges were dismissed at Gremp's first court

24   appearance in February 2007.  (SAC, ¶ 105.)  Thus the delay in bringing Gremp to court did not,

25   in any way, hamper his ability to defend himself because he was not required to present a

26   defense.  Gremp alleges that the arrest itself caused injury, but he is unable to plead any facts

27   sufficient to establish that the *delay* in his arrest caused any prejudice.  To the contrary, the delay

28   only worked to Gremp's advantage.  Faced with having to prove a nine-year-old crime, the

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1    district attorney elected to dismiss the case.  Thus, in addition to the lack of a civil remedy,

2    Gremp's Second Amended Complaint fails to allege facts sufficient to establish a violation of the

3    Sixth Amendment right to a speedy trial.  Accordingly, Gremp's First Claim for Relief should be

4    dismissed to the extent it relies on an alleged violation of the Sixth Amendment.

5

6         **D.**    **Each cause of action alleged against Bill Cogbill should be dismissed because**

7                  **Gremp does not allege that he was the sheriff when the probable cause**
              **determination was made and there are no other viable causes of action**
              **against him.**

8            Gremp alleges no individualized conduct on the part of Bill Cogbill so as to create an

9    actionable claim under § 1983.  To state a cause of action against a Sheriff for the actions of

10    another, a plaintiff must prove that either (1) he or she was personally involved in the

11    constitutional deprivation, or (2) there is sufficient causal connection between the supervisor's

12    wrongful conduct and the constitutional violation.  *Mackinney v. Nielson*, 69 F.3d 1002, 1008

13    (9th Cir. 1995).  Here, Gremp can establish neither.

14            It is not alleged that Cogbill was involved in any alleged deprivation of Gremp's

15    constitutional rights.  In fact, Cogbill was not even Sheriff at the time Gremp's arrest warrant

16    was signed.  Gremp only alleges that, at the time of the 2006 arrest, Cogbill "was now Sheriff of

17    Sonoma County."  (SAC, ¶ 80.)  Therefore, Cogbill could not have had any role in Deloe's

18    determination that probable cause existed.  And since Gremp does not state a proper cause of

19    action for violation of his right to "speedy trial," this allegation cannot form the basis of liability

20    against Cogbill.  Thus, there are no fact pleaded in the Second Amended Complaint sufficient to

21    support a cause of action against Cogbill for alleged deprivation of Gremp's rights.  Accordingly,

22    defendant Cogbill must be dismissed from this action.

23

24                               V.

25                   CONCLUSION

26            Despite extensive efforts, counsel for the moving defendants have been unable to have

27    Gremp voluntarily remedy the defective pleadings.  The court has already determined that Deloe

28    is entitled to absolute immunity and the most recent complaint contains no new substantive

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

Memorandum of Points and Authorities in Support of Motion to Dismiss         Page -11-

1  allegations that can support liability.  Further, Gremp failed to comply, and plead compliance,

2  with the presentation requirements of California's Tort Claim Act, an essential element to the

3  pendent state-law claims.  Kathleen Deloe, Sonoma County and Bill Cogbill respectfully request

4  that the claims subject to this motion to dismiss be granted with prejudice.

5

6  Dated: August 20, 2008                    GEARY, SHEA, O'DONNELL, GRATTAN&
                                             MITCHELL, P.C.

7

8                                   By: _____
                                             RAYMOND J. FULLERTON

9                                            Attorneys for Defendants
                                             KATHLEEN DELOE, SONOMA COUNTY and

10                                           BILL COGBILL, in his capacity as Sheriff of
                                             Sonoma County

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

LAW OFFICES OF
GEARY,      26
SHEA,
O'DONNELL, 27
GRATTAN &
MITCHELL    28
P.C.

Case No: C 08 2303 MMC                    U.S. District Court, Northern District of California

## PROOF OF SERVICE

    I am employed in the County of Sonoma, State of California. I am over the age of 18 years and not a party to the within action. My business address is Geary, Shea, O'Donnell, Grattan & Mitchell, 37 Old Courthouse Square, Fourth Floor, Santa Rosa, CA 95404.

    On August 20, 2008, I served the attached:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE CLAIMS UPON WHICH RELIEF MAY BE GRANTED**

on the parties to this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| Jordan S. Stanzler, Esq.<br>Stanzler Funderburk & Castellon LLP<br>2275 E. Bayshore Road, Suite 100<br>Palo Alto, CA 94303 | Telephone: (650) 739-0200<br>Facsimile: (650) 617-6888<br>Attorney for Plaintiff<br>LARY W. GREMP |

/ X / (BY MAIL) I placed a copy of the above-described document in sealed envelope, with postage thereon fully prepared for First-Class Mail, addressed to the parties as set forth above, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of Geary, Shea, O'Donnell,Grattan & Mitchell for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

/_/ (BY OVERNIGHT DELIVERY, PURSUANT TO CCP '1013(c)) I placed such sealed envelope for collection and mailing by overnight delivery at Santa Rosa, California, within the ordinary business practices of Geary, Shea, O'Donnell, Grattan & Mitchell. I am readily familiar with the practices of Geary, Shea, O'Donnell, Grattan & Mitchell for processing overnight correspondence, said practice being that in the ordinary course of business, correspondence is either picked up by or delivered to the delivery company the same day as it is placed for processing.

/_/ (BY FACSIMILE) I caused the above-described document to be transmitted, pursuant to Rule 2008, by facsimile machine (which complies with Rule 2003(3)) to the parties at the number(s) indicated after the address(es) noted above. The transmission was reported as complete and without error.

/_/ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the parties at the address(es) noted above.

    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed at Santa Rosa, California, on August 20, 2008

_Michelle A. Stewart_

Michelle A. Stewart

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL
GRATTAN &
MITCHELL
P.C.

87004.409