STEVEN C. MITCHELL, ESQ., SBN 124644
RAYMOND J. FULLERTON, ESQ., SBN 219264
ROBERT W. HENKELS, ESQ., SBN 255410
GEARY SHEA O'DONNELL GRATTAN & MITCHELL, P.C.
37 Old Courthouse Square, Fourth Floor
Santa Rosa, CA 95404
Telephone: 707/545-1660
Facsimile: 707/545-1876

Attorneys for Defendants
KATHLEEN DELOE, SONOMA COUNTY
and BILL COGBILL, in his capacity as
Sheriff of Sonoma County

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARY W. GREMP, | CASE NO: CV 08-2303 MMC |
| Plaintiff, | **DECLARATION OF RAYMOND J. FULLERTON RE EFFORTS TO MEET AND CONFER PRIOR TO FILING DEFENDANTS' MOTION TO DISMISS** |
| vs. | |
| SARA LITTLE; PATRICK TAYLOR; GLENN H. VAN SCHAACK; KATHLEEN DELOE, SONOMA COUNTY and BILL COGBILL, in his capacity as Sheriff of Sonoma County, | Date: October 10, 2008<br>Time: 9:00 a.m.<br>Ctrm.: 7, 19th Floor |
| Defendants. | Honorable Maxine M. Chesney |

I, Raymond J. Fullerton, declare and state as follows:

1.    I am an attorney duly licensed to practice law in the State of California and a member of the firm of Geary, Shea, O'Donnell, Grattan & Mitchell, P.C., counsel for defendants Kathleen Deloe, County of Sonoma and Sheriff Cogbill herein.

2.    I have personal knowledge of the facts set forth below. If called upon to testify, I could and would testify competently thereto.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

3.      Prior to filing the FRCP 12(b)(6) motion to dismiss on behalf of Kathleen Deloe, Bill Cogbill, and the County of Sonoma, I made extensive efforts to meet and confer with plaintiff attorney Jordan Stanzler in an effort to resolve numerous matters without the need of court intervention.

4.      This matter represents the second lawsuit filed by plaintiff Lary Gremp based on the same underlying facts. Gremp dismissed his original action, Case No. C 07-2316 MMC, after the court denied him leave to amend to add Kathleen Deloe as a defendant on the basis that it would be futile due to prosecutorial immunity. Gremp subsequently re-filed naming several additional defendants, including Deloe.

5.      On July 16, 2008, I sent a meet-and-confer letter to plaintiff attorney Jordan Stanzler, a copy of which is attached hereto as Exhibit A. In this correspondence, I requested that Mr. Stanzler file a motion to consider whether cases should be related pursuant to Civil Local Rule 3-3 and 3-12. The correspondence also points out the infirmity of the pendent state law causes of action due to his failure to file a government tort claim, and provides California Supreme Court authority holding that compliance is an element of the state tort causes of action. The correspondence also provides argument and authority with regard to allegations directed to Kathleen Deloe regarding absolute prosecutorial immunity and authority regarding the deficiencies of plaintiff's claim under the Sixth Amendment.

6.      Attached hereto as Exhibit B is a copy of correspondence dated July 23, 2008 that I received from Mr. Stanzler in which he states his belief that he is not required to plead compliance with the Tort Claims Act. In that correspondence, he indicates that he filed a claim with the State, rather than the County, but that it was denied because the County is not a State Government Agency.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

Declaration of Raymond J. Fullerton re Efforts to Meet and Confer Prior to Filing Motion to Dismiss    Page -2-

7.   Attached hereto as Exhibit C is a copy of correspondence dated July 29, 2008 in which I pointed out to Mr. Stanzler that California law requires tort claims be filed with the local agency, in this case the County. This correspondence further requests Mr. Stanzler to review the authorities previously cited in an attempt to resolve the inappropriate causes of action.

8.   On July 30, 2008, Mr. Stanzler prepared return correspondence, a copy of which is attached hereto as Exhibit D, in which he requests that I provide authority for my position that tort claims under California law must be presented to the local public agency rather than the Victim's Compensation and Government Claims Board. Mr. Stanzler further indicates his interest in avoiding unnecessary work and pursuing informal resolution of the issue.

9.   Attached hereto as Exhibit E is a copy of my return correspondence to Mr. Stanzler dated July 31, 2008. In this correspondence, I provide the authority Mr. Stanzler requested. In particular, I cited California Government Code § 915(a) which states that claims made against local public entities must be presented to the entity directly. I also point out that the instruction sheet for claims submitted to the Victim's Compensation and Government Claims Board specifically indicate that they are only for State agencies and not for claims against local public entities.

10.  Six days later, I sent follow up correspondence to Mr. Stanzler inquiring as to whether he had reviewed the applicable authorities and was willing to dismiss his State law causes of action. A copy of that correspondence is attached hereto Exhibit F.

11.  On August 5, 2008, Mr. Stanzler sent correspondence in which he offers alternative excuses for failing to file a tort claim with the County of Sonoma including the theory that the County is estopped from raising the defense because it did not seek to have the original complaint dismissed. Mr. Stanzler does not provide any authorities for his various theories. A copy of this correspondence is attached hereto as Exhibit G.

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

12.    Finally, on August 14, 2008, I sent correspondence to Mr. Stanzler in one last effort to resolve the matter without having to file a motion to dismiss. A copy of this correspondence is attached hereto as Exhibit H. In this correspondence, I point out to Mr. Stanzler that compliance with the Tort Claims Act is an element of causes of action based on California law and that, failure to satisfy this essential element may be raised at any time. Mr. Stanzler did not respond to this August 14, 2008 correspondence. As a result, defendants Deloe, Cogbill and the Sonoma County were forced to bring the motion to dismiss pursuant to FRCP 12(b)(6).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 28 day of August, 2008.

_____
Raymond J. Fullerton

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.

1    Case No: C 08 2303 MMC                    U.S. District Court, Northern District of California

2                                **PROOF OF SERVICE**

3        I am employed in the County of Sonoma, State of California.  I am over the age of 18 years

4    and not a party to the within action.  My business address is Geary, Shea, O'Donnell, Grattan &
     Mitchell, 37 Old Courthouse Square, Fourth Floor, Santa Rosa, CA 95404.

5

6        On August 28, 2008, I served the attached:

7    **DECLARATION OF RAYMOND J. FULLERTON RE EFFORTS TO MEET AND
     CONFER PRIOR TO FILING DEFENDANTS' MOTION TO DISMISS**

8

9    on the parties to this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| Jordan S. Stanzler, Esq. | Telephone:  (650) 739-0200 |
|---|---|
| Stanzler Funderburk & Castellon LLP | Facsimile:  (650) 617-6888 |
| 2275 E. Bayshore Road, Suite 100 | Attorney for Plaintiff |
| Palo Alto, CA  94303 | LARY W. GREMP |

13   / X /  (BY MAIL) I placed a copy of the above-described document in sealed envelope, with
     postage thereon fully prepared for First-Class Mail, addressed to the parties as set forth above,
14   for collection and mailing at Santa Rosa, California, following ordinary business practices.  I am
15   readily familiar with the practice of Geary, Shea, O'Donnell, Grattan & Mitchell for processing of
     correspondence, said practice being that in the ordinary course of business, correspondence is
16   deposited in the United States Postal Service the same day as it is placed for processing.

17   /_/  (BY OVERNIGHT DELIVERY, PURSUANT TO CCP '1013(c))  I placed such sealed
18   envelope for collection and mailing by overnight delivery at Santa Rosa, California, within the
     ordinary business practices of Geary, Shea, O'Donnell, Grattan & Mitchell.  I am readily familiar
19   with the practices of Geary, Shea, O'Donnell, Grattan & Mitchell for processing overnight
     correspondence, said practice being that in the ordinary course of business, correspondence is
20   either picked up by or delivered to the delivery company the same day as it is placed for
     processing.

22       I declare under penalty of perjury, under the laws of the State of California, that the
     foregoing is true and correct.  Executed at Santa Rosa, California, on August 28, 2008

24                                                           BJ Millar

LAW OFFICES OF
GEARY,
SHEA,
O'DONNELL,
GRATTAN &
MITCHELL
P.C.



LAW OFFICES OF

# GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.

William E. Geary
Patrick G. Grattan
Steven C. Mitchell
John F. Geary
John A. Holdredge
Michael T. Carlson
Leo R. Bartolotta
Raymond J. Fullerton, Jr.
Jenna L. Holthouse
Robert W. Henkels
Tarik J. Naber

Of Counsel
Max A. Mickelsen
Desiree O. Cox

July 16, 2008

Writer's email: rfullerton@gsoglaw.com

## VIA FACSIMILE AND U.S. MAIL

Jordan S. Stanzler, Esq.
Stanzler Funderburk & Castellon LLP
2479 E. Bayshore Road, Suite 100
Palo Alto, CA 94303

**RE:**   *Gremp v. County of Sonoma*
File No. 87004-409

Dear Mr. Stanzler:

This letter is an attempt to inform you of various substantive and procedural deficiencies in your most recently filed Complaint.

First, as you voluntarily dismissed and re-filed your action, you must file a motion to consider whether cases should be related, pursuant to Civil Local Rule 3-3 and 3-12. Although the previously dismissed action was heard by Judge Chesney, this new action is currently assigned to Magistrate Judge Laporte. As the rules point out, dismissal of a case so as to seek a more favorable ruling from a different judge is improper and subject to sanctions. Here, since Judge Chesney ruled against you regarding, among other things, Kathleen Deloe, and you once again try to name her as a party, it appears as if you filed this new action to try to obtain a different Judge in the hopes of obtaining a different ruling. It is your responsibility to prove otherwise. As you recall, this was discussed before Judge Chesney and she clearly stated her intent to preside over any newly filed action pertaining to the same subject matter. It is your obligation to advise the Court that your complaint constitutes the re-filing of a previously dismissed case and to re-direct this matter to Judge Chesney, where it properly belongs. Please immediately comply with Local Rules 3-3 and 3-12, or we will promptly file a motion to ensure that the matter is assigned to Judge Chesney, and we will seek sanctions in connection with the same.

37 OLD COURTHOUSE SQUARE, FOURTH FLOOR • SANTA ROSA, CA 95404-4929
TEL. 707.545.1660 • FAX: 707.545.1876

PETALUMA OFFICE • 100 FOURTH STREET • PETALUMA, CA 94952
TEL. 707.766.6812 • FAX 707.762.3622



EXHIBIT A

Jordan S. Stanzler, Esq.
7/17/2008
Page 2


Second, with regard to your pendant state law claims, your failure to
comply with the requirements of California law renders these claims frivolous,
and sanctionable under Rule 11. In your second and third claims for relief, you
allege false imprisonment and false arrest, although I am sure you are aware that
there is only one corresponding cause of action under California law. As I am
also sure you are aware, the California Tort Claims Act requires a plaintiff suing a
public entity to first present his claim to that entity prior to filing suit. *See,* Cal.
Govt. Code § 945.4. According to the California Supreme Court, it is absolutely
essential that you plead compliance with this requirement in order to state a cause
of action against a public entity. *See, State v. Superior Court (Bodde),* 32 Cal. 4th
1234, 1239 (2004). You, however, have not plead compliance. Indeed, you
cannot plead compliance because no tort claims were ever submitted.
Accordingly, please file an amended complaint withdrawing the state tort claims
or we will be forced to file a FRCP Rule 12(b)(6) motion to dispose of these
causes of action. If you do not voluntarily amend your complaint in that respect,
we will seek sanctions, and will file a Rule 11 Motion.

Third, to our surprise and consternation, you continue in your misguided
efforts to include Kathleen Deloe, a retired District Attorney, as a defendant to
this action despite a federal judge directly ruling that she is not an appropriate
party. As Judge Chesney so carefully pointed out, Ms. Deloe has absolute
immunity for her role as a prosecutor for Sonoma County. *See, Kalina v.
Fletcher,* 522 US 118, 127 (1997). In your new complaint, you attempt to plead
around this immunity by alleging that "Deloe performed the function of an
investigator, indeed the sole investigator, for Sonoma County." *See,* Complaint, ¶
45. This attempt, however, is disingenuous and without any factual evidentiary
support. Given our office's many conversations with you regarding this issue,
your discovery obtained from the previous lawsuit, and Judge Chesney's explicit
ruling, you are more than aware that Ms. Deloe has absolute immunity regarding
your claims. We have repeatedly gone over this matter, and you have conducted
extensive discovery in your previous suit, including the deposition of Ms. Deloe.
You know that Ms. Deloe is an improper party. Please dismiss Ms. Deloe from
this suit immediately or we shall be forced to have her dismissed by way of a
12(b)(6) motion or a motion for summary judgment. Either way, we will seek
remedies under Rule 11 if you do not voluntarily dismiss her.

Jordan S. Stanzler, Esq.
7/17/2008
Page 3


And finally, although it is unclear from your complaint precisely which civil rights you allege to have been violated, you make many references to your client's Sixth Amendment rights. In one instance you state that the "delay of nine years deprived Gremp of his right to a speedy trial" and that "[s]uch a delay caused prejudice to Gremp in defending himself." *See,* Complaint ¶ 114. Aside from the fact that the criminal action against Gremp was dismissed before he was required to defend himself, Gremp's right to a speedy trial cannot be a basis for your current action. As is obvious, this present action lies in civil court, not criminal. According to the United States Supreme Court, "the protection of the [Sixth] Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution." *United States v. Marion,* 404 US 307, 320 (1971). *See, Also, Doggett v. United States,* 505 US 647, 656 (1992) ("…the Sixth Amendment right of the accused to a speedy trial has no application beyond the confines of a formal criminal action.") If you do not address this matter we will be forced to file a Rule 12(b)(6) motion, creating increased and unnecessary expense for all parties involved. Please, either dismiss this claim or clarify your cause of action by amending your complaint.

In sum, you have not complied with the requisite local rules. You have not stated a cause of action in regard to your state law claims and your failure to do so subjects those claims to dismissal. You tirelessly waste the Court's and the defendant's time with your harassment of Ms. Deloe. And your claim for damages from the alleged violation of Gremp's Sixth Amendment rights is not warranted by existing law and constitutes a frivolous attempt to extend pre-existing law. Accordingly, we request that you amend your complaint before forcing all parties to suffer additional expense over and above that which you have already caused by dismissing the previous action and re-filing this current one.

Should you fail to rectify your complaint and continue to pursue these causes of action, we will be forced to seek appropriate measures, including further motions and sanctions under Rule 11. As for the previously discussed Rule 41(d) motion, since we have been unable to reach an agreement as to that matter, we

Jordan S. Stanzler, Esq.
7/17/2008
Page 4

will be filing said motion in due time.  We appreciate your attention and look
forward to your motion to consider whether cases should be related.

Very truly yours,

Raymond J. Fullerton

RJF/RWH

# STANZLER FUNDERBURK & CASTELLON LLP
2275 E. Bayshore Rd.
Suite 100
Palo Alto, CA 94303
Telephone (650) 739-0200
Telecopier (650) 739-0916

July 23, 2008

Raymond J. Fullerton, Esq.
Geary, Shea, O'Donnell, Grattan & Mitchell, P.C.
37 Old Courthouse Square, Fourth Floor
Santa Rosa, CA 95404

Re:    *Lary W. Gremp v. Little, et al.*, Case No. C 08 2303
       EDL, United States District Court for the Northern
       District of California

Dear Mr. Fullerton:

I am responding to your letter of July 16, 2009. We have filed an amended complaint which addresses some of your concerns.

I do not believe it is necessary to plead compliance with the California Tort Claims Act under the rules for pleading a claim for relief in federal court. Nor do I believe that that statute applies, with respect to the filing of an administrative claim. Nevertheless, out of an abundance of caution, Mr. Gremp did file a claim with the California Victims Compensation and Government Claims Board, against the County and the Sheriff. The claim was denied because those entities are "not a State Government Agency".

We cannot agree with your assertions concerning Kathleen DeLoe. There is a factual dispute here as to what functions she performed. Please tell us who did conduct the investigation for the County of Sonoma, if it was not Ms. DeLoe. If you wish to stipulate that she did not conduct an investigation for the County of Sonoma, we would consider it, along with a stipulation that no one else conducted any investigation for the County. We might also consider such a stipulation if you identified the persons who conducted the investigation for the County and identified the scope and contents of the investigation.

I do not understand your comments about the Sixth Amendment. For starters, Mr. Gremp was required to hire an attorney (myself) to defend him in the criminal case that was brought against him. I made two court appearances for Mr. Gremp that I can recall. Why do you



Raymond J. Fullerton, Esq.
July 23, 2008
Page 2

state that "the criminal case was dismissed before he was required to defend himself"? The case
was dismissed after I argued in court on at least one occasion (if not two) that the case should be
dismissed. I fail to understand what, exactly, is your point about the allegations concerning the
nine year delay.

      Please let us know if you are going to accept service of the First Amended
Complaint on behalf of Defendants Little and DeLoe. While a motion to have the case
transferred to Judge Chesney is now pending, we still have certain filings to make under the
existing scheduling order.

      Very truly yours,

Jordan S. Stanzler

LAW OFFICES OF

# GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.

William E. Geary
Patrick G. Grattan
Steven C. Mitchell
John F. Geary
John A. Holdredge
Michael T. Carlson
Leo R. Bartolotta
Raymond J. Fullerton, Jr.
Jenna L. Holthouse
Robert W. Henkels
Tarik J. Naber

Of Counsel
Max A. Mickelsen
Desiree O. Cox

July 29, 2008                      Writer's email: rfullerton@gsoglaw.com

**Via Facsimile and U.S. Mail**

Jordan S. Stanzler, Esq.
Stanzler Funderburk & Castellon LLP
2275 E. Bayshore Road, Suite 100
Palo Alto, CA 94303

        RE:    ***Gremp v. County of Sonoma***
                 File No. 87004-409

Dear Mr. Stanzler:

      I am in receipt of your July 23, 2008 letter regarding the filing of an amended complaint. I respectfully believe that the amended complaint still has numerous substantive problems.

      First, as you know, based on the Erie Doctrine, Federal Courts must apply the substantive law of the State for pendent claims. Please review the California Government Tort Claims Act and the previously cited authority. You will find that compliance with the Tort Claims Act is an element of a state law cause of action against a public entity. Because this is a substantive requirement, your noncompliance subjects the pending claims to dismissal. You note in your letter that Mr. Gremp did file a claim with the California Victims Compensation and Government Claims Board. Please forward a copy of this claim and I would be glad to review it. However, I am not surprised that you indicate that the claim was denied on the basis that the County of Sonoma and Sonoma County Sheriff Department are not state government agencies. They are, of course, local public agencies. California law specifically requires tort claims filed against local public agencies to be lodged with the respective agency, not the Victims Compensation and Government Claims Board.

      Your letter goes on to assert a factual disagreement concerning actions taken by Kathleen Deloe. However, there can be no dispute as to the testimony given. You had the opportunity to depose Deloe and know full well that she did not conduct an investigation. This fact was adopted in the court's ruling denying

WWW.GSOGLAW.COM       37 OLD COURTHOUSE SQUARE, FOURTH FLOOR • SANTA ROSA, CA 95404-4929
TEL: 707.545.1660 • FAX: 707.545.1876

PETALUMA OFFICE • 100 FOURTH STREET • PETALUMA, CA 94952
TEL 707.766.6812 • FAX: 707.762.9622

Jordan S. Stanzler, Esq.
7/29/2008
Page 2

your motion to amend.  You go on to suggest a stipulation to this effect.  I am not
exactly sure what you mean but would be glad to consider it.  It is clear that the
investigation was conducted by the Bureau of Livestock Investigation.  Thus, a
stipulation on behalf of the County on this issue may not have the result that you
desire.

        Finally, I believe my earlier correspondence was clear on the issue of your
claim under the Sixth Amendment.  A review of the case law cited reveals that it
does not support a civil cause of action.  Rather, the only remedy is within a
criminal proceeding.  If you have authority to the contrary, I would be glad to
consider it.  Otherwise, I request that you dismiss your inappropriate cause of
action based on the right to speedy trial.

        I hope you are reconsidering the claims of relief you are pursing against
the County of Sonoma and affiliated individuals.  Your amended complaint does
little to address the concerns raised in my earlier correspondence.  I reiterate that
the County and the Sheriff's Department views this litigation as frivolous and
offensive and will pursue all remedies and sanctions available.  As to your
inquiries regarding the First Amended Complaint directed to defendants Little and
Deloe, I do not have authority to accept service on their behalf.  You may, of
course, raise this issue with Mr. Mitchell of my office.  Thank you for your
attention to these matters.  I hope that you will take appropriate action to avoid
unnecessary work and further wasting of time.

                        Very truly yours,


                        Raymond J. Fullerton


RJF/mas

**STANZLER FUNDERBURK & CASTELLON LLP**
2275 E. Bayshore Rd.
Suite 100
Palo Alto, CA 94303
Telephone (650) 739-0200
Telecopier (650) 739-0916

July 30, 2008

Raymond J. Fullerton, Esq.
Geary, Shea, O'Donnell, Grattan & Mitchell, P.C.
37 Old Courthouse Square, Fourth Floor
Santa Rosa, CA 95404

Re:    *Lary W. Gremp v. Little, et al.*, Case No. C 08 2303
       EDL, United States District Court for the Northern
       District of California

Dear Mr. Fullerton:

I am writing in reply to your letter of July 29, 2008.

First of all, I am tired of hearing from you and Mr. Mitchell the statement, repeated over and over, that this case is frivolous. I have yet to hear one word from you or Mr. Mitchell to explain what the probable cause was for Mr. Gremp's arrest. What are the facts which demonstrate the probable cause for Mr. Gremp's arrest? If the facts pled are wrong, please advise me. I would appreciate a detailed statement from you explaining what is frivolous about the complaint. I would like to know what it is that you believe that I have missed, overlooked, misstated, or misunderstood.

Incidentally, I have made this same request verbally to Mr. Mitchell on several occasions.

Turning to Kathleen DeLoe, the facts alleged are clear that she was investigating whether a crime had been committed, when she wrote her memo asking various questions. What was the point of asking any questions, at all, if she was not engaged in the gathering of facts? The gathering of facts is essentially the function of the police in determining whether a crime has been committed. There is no absolute immunity for prosecutors when they are engaged in the preliminary gathering of evidence that may blossom into a prosecution.

As the complaint alleges, she asked whether the document in question was required to be filed with a public agency. That is fact gathering. She learned from Van Schaack that the document was **not** required to be filed with a public agency. Of course, not every document ever sent to a state employee can be the subject of the felony in question. Rather, it is only the submission of false documents which are required to be filed with the state (such as deeds, etc). Since the document in question was **not** required to be filed with the State (a fact



Raymond J. Fullerton, Esq.
July 30, 2008
Page 2

known to both DeLoe and Van Schaack) what was the probable cause to believe that the felony
in question had been committed?

        Your letter is vague as to who conducted the investigation. You seem to imply
that the California Department of Agriculture (through Taylor and Van Schaack) conducted the
investigation, but that the County (and De Loe) did not conduct any investigation, at all. Are you
willing to stipulate that the County and DeLoe conducted no investigation at all, but relied
entirely upon the investigation of the State?

        With respect to the California Tort Claims Act, I enclose the filing that was made
with the Victims Compensation and Government Claims Board. That statute (and case law) is
clear that a claim against a public agency must be filed with the Victims Compensation and
Government Claims Board. Your letter states just the opposite – that claims "filed against local
public agencies [must] be lodged with the respective agency, not the Victims Compensation and
Government Claims Board." If you have case authority for this proposition, please send it,
because I believe that you interpretation is erroneous and exactly backward.

        I share your interest in avoiding unnecessary work and avoiding the waste of time.
Therefore, I look forward to your reply.

                        Very truly yours,

                        Jordan S. Stanzler

Enclosure

LAW OFFICES OF
# GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.

William E. Geary
Patrick G. Grattan
Steven C. Mitchell
John F. Geary
John A. Holdredge
Michael T. Carlson
Leo R. Bartolotta
Raymond J. Fullerton, Jr.
Jenna L. Holthouse
Robert W. Henkels
Tarik J. Naber

Of Counsel
Max A. Mickelsen
Desiree O. Cox

July 31, 2008                                    Writer's email: rfullerton@gsoglaw.com

## Via Facsimile and U.S. Mail

Jordan S. Stanzler, Esq.
Stanzler Funderburk & Castellon LLP
2275 E. Bayshore Road, Suite 100
Palo Alto, CA 94303

RE:   ***Gremp v. County of Sonoma***
      File No. 87004-409

Dear Mr. Stanzler:

I am in receipt of your July 30, 2008 letter. I am sorry you are beginning to tire of our efforts to avoid this unnecessary litigation. We too are frustrated, primarily due to your apparent unwillingness to consider the arguments and authority we have presented. Out of respect for your protest, I will not reiterate these arguments further. However, I respectfully urge you to review the applicable law and reconsider your position.

As to the factual argument you raise with regard to Ms. Deloe, I find it unpersuasive and counterintuitive. You maintain that her memo asking for additional information constitutes investigation. To the contrary, it is apparent she is asking the investigators to gather more information. Asking questions of investigators to determine whether charges should be filed is the conduct a prosecutor is supposed to engage in. She was not in the field gathering facts and her conduct is therefore subject to the absolute immunity.

With regard to your contention that my position on the Government Tort Claim is "erroneous and exactly backward," I would simply suggest that you read the California Government Code. In particular, please review Government Code § 915(a). You might also consider the instruction page from the state form you filled out on behalf of your client, a copy of which is enclosed for your convenience. The County of Sonoma is not a State Agency. Nonetheless, it is a public entity for which compliance with the Tort Claims Act is required. Since you did not present a claim in compliance with the Tort Claims Act, and the

WWW.GSOGLAW.COM         37 OLD COURTHOUSE SQUARE, FOURTH FLOOR • SANTA ROSA, CA 95404-4929
TEL: 707.545.1660 • FAX: 707.545.1876

PETALUMA OFFICE • 100 FOURTH STREET • PETALUMA, CA 94952
TEL: 707.766.6812 • FAX: 707.762.3622

E

Jordan S. Stanzler, Esq.
7/31/2008
Page 2

period for a late claim has expired, the state law claims are barred as a matter of law and should be dismissed.

Thank you for your consideration of these matters.

Very truly yours,

Raymond J. Fullerton

RJF/mas

**Government Claims Program Information and Claim Form**

**California Victim Compensation and Government Claims Board**
P.O. Box 3035
Sacramento, CA 95812-3035

**1-800-955-0045 • www.governmentclaims.ca.gov**



# Information and Claim Form

**Note: New statute requires $25 filing fee!**

**What kind of claims can be filed?** Claims can be filed for losses you believe were caused by the action, or inaction, of any state agency. Claims may include:

- Damage to real or personal property
- Reimbursement for state employee property loss, benefits, salary, or travel expenses
- Refund of a tax, fee, or penalty
- Contract disputes

Claims for damages caused by a local government agency must be filed directly with the local agency that is involved. Do not file your claim with the state. If your claim is with an institution in the University of California (UC) system, contact the UC Regents directly. Call the Government Claims Program at 1-800-955-0045 to find out more.

**Who can file a claim?**

Anyone who believes a state agency caused him or her to suffer monetary loss can file a claim.

**What are the time limits for filing a claim?**

Claims relating to the death or injury of a person, or damage to personal property or growing crops, must be filed no later than six months after the date of the incident. Other claims must be filed no later than one year after the date of the incident. You can request permission to file a late claim. Some claims have no filing deadline. You may want to consult an attorney if you are not sure how the time limits apply to your claim.

**Is your claim against the California Department of Transportation (Caltrans)?**

If your claim is against Caltrans and the damages are $5,000 or less, you can file your claim directly with Caltrans. Contact your local Caltrans office or visit www.dot.ca.gov to locate a Caltrans office near you. No fee is required for Caltrans claims under $5,000.

*Instructions for filling out this form:*

| | |
|---|---|
| **1** | Provide the full name of the person claiming damage or injury. |
| **2** | Provide a daytime telephone number. |
| **3** | Provide an email address. *(Optional)* |
| **4** | Provide a complete mailing address. |
| **5** | Let us know the best way to contact you if we need to call you. |
| **6** | If the claim is being filed on behalf of a minor (someone under the age of 18), please give the minor's date of birth. |
| **7** | You may wish to consult an attorney for assistance with filing a claim, however it is not required. If an attorney or other person (such as the parent or legal guardian of a minor or conservator of an adult) is representing you, please complete this section. If this section is completed, all correspondence regarding this claim will be sent to the representative. |

| | |
|---|---|
| **8** | Provide a daytime telephone number, including area code, for the attorney or representative. |
| **9** | Provide an email address for the attorney or representative. *(Optional)* |
| **10** | Provide a complete mailing address for the attorney or representative. |
| **11** | Describe the relationship of the attorney or representative to the claimant. |
| **12** | If this claim is regarding a stale-dated warrant (an uncashed check) more than three years old, or for an unredeemed bond, provide the date of issue, amount, and the name of the agency that issued it. **Attach a copy of the front and back of the warrant or bond.** For warrants that are less than three years old, contact the agency that issued the warrant directly to obtain payment. |
| **13** | State the exact date of the incident that you believe caused the damage or injury. If the incident took place over more than one date, provide both the beginning and ending dates. If the incident is ongoing, please provide the beginning date and the most recent date it occurred.<br><br>**Late Claims:** The Board must receive claims relating to the death or injury of a person, or damage to personal property or growing crops, no later than **six** months after the date of the incident. If such a claim is filed more than six months from the date of the incident, **attach a written explanation for late filing to the claim on a separate sheet.** Other claims that have deadlines must be received no later than one year after the incident date. Other claims have no filing deadline. Claimants may wish to consult with an attorney to determine which filing deadline applies. |
| **14** | Provide the name of the state agency that you believe caused the damage or injury. "State of California" alone is not sufficient. Please spell out the name of the agency and include the names of any state employees that were involved. |
| **15** | Enter the total dollar amount being claimed. If you believe the damages are continuing, or anticipated in the future, show a "+" after the dollar amount. If the total dollar amount exceeds $10,000, note whether the claim is a limited civil case or a non-limited civil case. Provide an explanation of how you computed the total amount. You may declare expenses incurred as well as expenses you expect to have in the future. Attach copies of all bills, payment receipts, and cost estimates. |
| **16** | For all claims involving real property, state-owned buildings or parking lots, and roadway- or vehicle-related claims, provide the street address, city, county, state highway number, road numbers, and/or post mile markers where you believe the damage or injury occurred. Real property includes land, buildings and other fixed structures. Roadway- or vehicle-related claims occurred on a state road or involved a state vehicle. |
| **17** | Describe the specific damage or injury that you believe resulted from the incident. Feel free to attach additional information to explain **17** through **19**. |
| **18** | Describe in full detail the circumstances that led up to the damage or injury. State all the facts that support your claim. If it applies, describe the dangerous condition of the public property. If a law enforcement or insurance Collision/Incident Report is submitted with the claim, this section must **still** be completed in your own words. |
| **19** | Explain why you believe the state agency is responsible for the damage or injury. |
| **20** | Provide the vehicle license number and any other identifying information if the claim involves a state vehicle. |
| **21** | This section must be completed if the claim involves a motor vehicle. Indicate whether a claim has been filed with your insurance carrier. If a claim has been filed with your insurance carrier, provide the name, telephone number, and mailing address of the insurance carrier. Also include your policy number and the amount of the deductible. If you have received payment, please indicate when and the dollar amount. |
| **22** | The claimant or the claimant's attorney or representative must sign this form. The Board will not accept the claim without an **original** signature. |
| **23** | Be sure to attach the $25 filing fee. Please make your check or money order payable to the State of California. If you cannot afford the filing fee, you can fill out a "Filing Fee Waiver Request", and attach it to this form. You obtain the filing fee waiver request form at www.governmentclaims.ca.gov or by calling 1-800-955-0045. |
| **24** | State agencies must submit the agency name, contact information for the agency budget officer, and the name of the fund or budget act appropriation item number. Submit the appropriate schedule if applicable (Example: 0000-000-0000, Budget Act 2004). |

## Government Claims Form

**California Victim Compensation and Government Claims Board**
P.O. Box 3035
Sacramento, CA 95812-3035

1-800-955-0045 ▪ www.governmentclaims.ca.gov

State of California

For Office Use Only
Claim No.:

### Is your claim complete?

- ☐ *New!* Include a check or money order for $25 payable to the State of California.
- ☐ Complete all sections relating to this claim and sign the form. Please print or type all information.
- ☐ Attach receipts, bills, estimates or other documents that back up your claim.
- ☐ Include two copies of this form and all the attached documents with the original.

### Claimant Information

**1**
Last name          First Name          MI

**2** Tel:
**3** Email:

**4**
Mailing Address          City          State     Zip

**5** Best time and way to reach you:

**6** Is the claimant under 18?  ☐ Yes  ☐ No   If YES, give date of birth:
MM        DD        YYYY

### Attorney or Representative Information

**7**
Last name          First Name          MI

**8** Tel:
**9** Email:

**10**
Mailing Address          City          State     Zip

**11** Relationship to claimant:

### Claim Information

**12** Is your claim for a stale-dated warrant (uncashed check) or unredeemed bond?  ☐ Yes  ☐ No

State agency that issued the warrant:          If NO, continue to Step **13**.

Dollar amount of warrant:          Date of issue:
MM        DD        YYYY
Proceed to Step **22**.

**13** Date of Incident:

Was the incident more than six months ago?          ☐ Yes  ☐ No
If YES, did you attach a separate sheet with an explanation for the late filing?   ☐ Yes  ☐ No

**14** State agencies or employees against whom this claim is filed:

**15** Dollar amount of claim:

If the amount is more than $10,000, indicate the type
of civil case:          ☐ Limited civil case ($25,000 or less)
                        ☐ Non-limited civil case (over $25,000)

Explain how you calculated the amount:

**16** Location of the incident:

**17** Describe the specific damage or injury:

**18** Explain the circumstances that led to the damage or injury:

**19** Explain why you believe the state is responsible for the damage or injury:

**20** Does the claim involve a state vehicle?  ☐ Yes  ☐ No

If YES, provide the vehicle license number, if known:

## Auto Insurance Information

**21**

Name of Insurance Carrier

| Mailing Address | City | State | Zip |
|---|---|---|---|

Policy Number:                                              Tel:

Are you the registered owner of the vehicle?  ☐ Yes  ☐ No

If NO, state name of owner:

Has a claim been filed with your insurance carrier, or will it be filed?  ☐ Yes  ☐ No

Have you received any payment for this damage or injury?  ☐ Yes  ☐ No

If yes, what amount did you receive?

Amount of deductible, if any:

Claimant's Drivers License Number:          Vehicle License Number:

Make of Vehicle:          Model:          Year:

Vehicle ID Number:

## Notice and Signature

**22** I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

Signature of Claimant or Representative          Date

**23** Mail the original and two copies of this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 3035, Sacramento, CA, 95812-3035. Forms can also be delivered to the Victim Compensation and Government Claims Board, 400 R St., 5th flr. Sacramento.

## For State Agency Use Only

**24**

Name of State Agency          Fund or Budget Act Appropriation No.

Name of Agency Budget Officer or Representative          Title

Signature          Date

VCGCB-GC-002 (Rev. 8/04)

LAW OFFICES OF

# GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.

William E. Geary
Patrick G. Grattan
Steven C. Mitchell
John F. Geary
John A. Holdredge
Michael T. Carlson
Leo R. Bartolotta
Raymond J. Fullerton, Jr.
Jenna L. Holthouse
Robert W. Henkels
Tarik J. Naber

Of Counsel
Max A. Mickelsen
Desiree O. Cox

August 5, 2008

Writer's email: rfullerton@gsoglaw.com

**Via Facsimile and U.S. Mail**

Jordan S. Stanzler, Esq.
Stanzler Funderburk & Castellon LLP
2275 E. Bayshore Road, Suite 100
Palo Alto, CA  94303

      **RE:**   *Gremp v. County of Sonoma*
                File No. 87004-409

Dear Mr. Stanzler:

      By now you have had the opportunity to review the authorities cited in my July 31, 2008 letter and realize that you have failed to properly comply with the presentation requirements of the California Government Code.  Please advise as to whether you are willing to dismiss your state law causes of action against the County of Sonoma related defendants so that we may avoid the necessity of a dispositive motion on the subject.

      Thank you for your consideration in this matter.  I look forward to your prompt response.

      Very truly yours,

      *Dictated But Not Read*

      Raymond J. Fullerton

RJF/mas

F



## STANZLER FUNDERBURK & CASTELLON LLP
2275 E. Bayshore Rd.
Suite 100
Palo Alto, CA 94303
Telephone (650) 739-0200
Telecopier (650) 739-0916

August 5, 2008

Raymond J. Fullerton, Esq.
Geary, Shea, O'Donnell, Grattan & Mitchell, P.C.
37 Old Courthouse Square, Fourth Floor
Santa Rosa, CA 95404

      Re:   *Lary W. Gremp v. Little, et al.*, Case No. C 08 2303
             EDL, United States District Court for the Northern
             District of California

Dear Mr. Fullerton:

        Thank you for your letter of July 31, 2008.

        I respectfully submit that it would be beneficial for the County to focus on the lack of probable cause for the arrest warrant, which is the "big picture item". You have declined to address that issue, once again. That is curious, to say the least.

        Any way one looks at the facts, it is undisputed that no prosecution could ever be brought under Penal Code section 115, since the document in question was not a document that was required to be filed by law in a public registry. Moreover, Gremp never intended to file that document in a public registry when he faxed the document. DeLoe knew these facts from the memo she received from Van Schaack. There never was  probable cause to seek an arrest warrant. No state or county official should have  sought an arrest warrant under this set of facts.

        If we are wrong and the law is otherwise, let us know. Otherwise, the County should be interested in settling the case before more and more attorneys' fees are consumed.

        As far as DeLoe is concerned, there is a question of fact as to whether she was conducting an investigation when she wrote her memo and learned from Van Schaack that the document in question was not required to be filed with a state agency (and, hence, could not be the subject of a prosecution).  Not everything a prosecutor does is shielded by absolute immunity.

Raymond J. Fullerton
August 5, 2008
Page 2

      As far as exhaustion of administrative remedies under state law is concerned, there is a considerable body of case law on this subject. One reason for filing with the State Board was the concept that the County was performing a state function in seeking to arrest and prosecute Mr. Gremp. Assuming, for the sake of the argument, that the claim was filed in the wrong place, the County should be equitably estopped from making the argument. The County could have said, at the time the first complaint was filed, that there was no claim filed with the County, and had that been said, the claim could have been filed with the County.

Very truly yours,

Jordan S. Stanzler



LAW OFFICES OF
# GEARY, SHEA, O'DONNELL, GRATTAN & MITCHELL, P.C.

William E. Geary
Patrick G. Grattan
Steven C. Mitchell
John F. Geary
John A. Holdredge
Michael T. Carlson
Leo R. Bartolotta
Raymond J. Fullerton, Jr.
Jenna L. Holthouse
Robert W. Henkels
Tarik J. Naber

Of Counsel
Max A. Mickelsen
Desiree O. Cox

August 14, 2008                                Writer's email: rfullerton@gsoglaw.com

*Via Facsimile and U.S. Mail*

Jordan S. Stanzler, Esq.
Stanzler Funderburk & Castellon LLP
2275 E. Bayshore Road, Suite 100
Palo Alto, CA  94303

> **RE:**    ***Gremp v. County of Sonoma***
> File No. 87004-409

Dear Mr. Stanzler:

I am in receipt and am responding to your August 5, 2008 letter.  I apologize for the delay, but I have been out of the office at deposition and other matters for much of the last week.

You have asked me to focus on the issue of probable cause which you characterize as the "big picture item."  From our perspective, the question of whether probable cause existed has always been the easiest to resolve.  According to the investigation by the State, your client provided a false document to a State inspector in the course of the inspector's investigation.  Regardless of whether your client denies any wrongful conduct, the State report provides ample probable cause for an arrest.  And even if a court ultimately determines that probable cause did not exist, the County employees would be entitled to qualified immunity based on their reliance on the prior investigation.

In reading your most recent correspondence, I realize that you are focused in on the elements of California Penal Section 115.  However, your attention is misplaced.  It is very well established that the specific charge articulated is irrelevant to the analysis of probable cause under the fourth amendment.  Federal courts have consistently and routinely upheld warrants in cases where the ultimate charge differs from that indicated in the document.  In fact, courts have upheld warrants that failed to specify any suspected charge in circumstances where there is probable cause for an arrest.

WWW.GSOGLAW.COM        37 OLD COURTHOUSE SQUARE, FOURTH FLOOR • SANTA ROSA, CA 95404-4929
TEL: 707.545.1660 • FAX: 707.545.1876

PETALUMA OFFICE • 100 FOURTH STREET • PETALUMA, CA 94952
TEL: 707.766.6812 • FAX: 707.762.3622

H

Jordan S. Stanzler, Esq.
8/14/08
Page 2


Thus, even assuming that you are correct that your client's conduct does not meet the elements of Penal Code Section 115, I am confident that providing false documents to a State officer in the course of his investigation constitutes a chargeable offense.

As to your most recent contentions regarding the failure to comply with the California Tort Claims Act, your characterization of them as "administrative remedies" indicates a fundamental misunderstanding of State law. Compliance with the Tort Claims Act is an element of any cause of action against a public entity. As such, a public entity has no obligation to demur or bring a motion to dismiss at the time the complaint is filed. The failure to satisfy this essential element of a State law cause of action may be adjudicated by motion for summary judgment or even at time of trial. Your excuse that the filing of the tort claim with the State rather than the County was based on the "concept that the County was performing a State function" is creative, but is not the law. Finally, I just learned that you have attempted to file a claim against Sarah Little. This, too, is untimely based on your client's November 2006 date of arrest. Your claim that you did not know Ms. Little's identity is irrelevant. Please refer to California Government Code Section 950.2.

At this stage of the discussions, it seems evident that we will not see eye-to-eye on these matters. However, please let me know immediately if you have had a change of heart and intend to amend or dismiss your complaint. Additionally, please advise as to the status of your efforts to serve the various defendants so that we may proceed in an efficient manner. Thank you for your consideration of these issues.

Very truly yours,



Raymond J. Fullerton


RJF/bjm