IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARY W. GREMP,<br><br>    Plaintiff,<br><br>  v.<br><br>SONOMA COUNTY, et al.,<br><br>    Defendants | No. C-08-2303 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS DELOE, SONOMA COUNTY AND COGBILL'S MOTION TO DISMISS; VACATING HEARING** |

    Before the Court is the "Motion to Dismiss for Failure to State Claims Upon Which Relief May Be Granted," filed August 20, 2008, by defendants Kathleen Deloe ("Deloe"), Sonoma County ("County"), and Bill Cogbill ("Cogbill").[1]  Plaintiff Lary W. Gremp has filed opposition, to which defendants have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for October 10, 2008, and rules as follows:

    1.  The First Cause of Action, by which plaintiff alleges a violation of 42 U.S.C. § 1983, is, for the reasons stated by defendants, subject to dismissal to the extent it is alleged against Deloe, a prosecutor.  Specifically, because plaintiff's claims against Deloe

---

[1] Two other defendants, Patrick Taylor and Glenn H. Van Schaack, have filed answers.  Another defendant, Sarah Little, was recently served and has not filed a responsive pleading.

are based on Deloe's having conducted a "flawed" evaluation of evidence collected by state investigators, (see SAC ¶¶ 41, 44, 46-47, 48), and having erroneously concluded therefrom that probable cause existed to believe plaintiff had committed a crime, (see SAC ¶¶ 49-51), Deloe is entitled to absolute immunity.  See Gobel v. Maricopa County, 867 F. 2d 1201, 1204 (9th Cir. 1989) (holding prosecutor entitled to absolute immunity from claim based on "preparation" of criminal case, including "organizing, evaluating, and marshalling [of] evidence to facilitate seeking a warrant").

     2. The First Cause of Action is subject to dismissal to the extent it is based on a claim that defendants violated plaintiff's Sixth Amendment right to a speedy trial, (see SAC ¶¶ 117, 119), for the reason plaintiff has clarified he is not basing his claim on a theory that his Sixth Amendment rights were violated, (see Pl.'s Opp. at 14:1-6).

     3. The First Cause of Action is not subject to dismissal to the extent it is alleged against Cogbill.  Contrary to defendants' argument, plaintiff has not alleged a claim against Cogbill in his individual capacity, (see SAC ¶ 8), and plaintiff may pursue a federal claim of municipal liability against Cogbill in his official capacity as Sheriff.  See Monell v. Dep't of Social Services, 436 U.S. 658, 690 n.55 (1978) (holding "official-capacity suits . . . represent only another way of pleading an action against an entity of which an officer is an agent").

     4. The Second Cause of Action, alleging a claim of false arrest, and the Third Cause of Action, alleging a violation of § 52.1 of the California Civil Code, are, for the reasons stated by defendants, subject to dismissal to the extent they are brought against the County.  Specifically, plaintiff has failed to allege compliance with the claim presentation requirements set forth in § 945.4 of the California Government Code, and, consequently, his state law claims against the County are barred.  See Ortega v. O'Connor, 764 F. 2d 703, 707 (9th Cir. 1985) (holding failure to comply with claim presentation requirements of Government Code constitutes bar to maintaining state law claim against government entity), rev'd in part on other grounds, 480 U.S. 709 (1987).  Further, plaintiff's request for leave to amend to allege substantial compliance with the claim presentation requirements

will be denied, because plaintiff's proposed allegations, that the County was on notice of the claims from plaintiff's previous lawsuit against the County and that plaintiff filed a claim against the County with a state agency, are, as a matter of law, insufficient to support a claim of substantial compliance.  See City of San Jose v. Superior Court, 12 Cal. 3d 447, 455 (1974) ("It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim.  Such knowledge – standing alone – constitutes neither substantial compliance nor basis for estoppel."); Johnson v. San Diego Unified Sch. Dist., 217 Cal. App. 3d 692, 697, 700 (1990) (holding plaintiff failed to substantially comply with claim presentation requirements with respect to claim against school district, where plaintiff submitted claim against school district to state agency; stating doctrine of substantial compliance inapplicable where plaintiff submitted claim to "wrong entity").

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

1. The First Cause of Action is hereby DISMISSED without leave to amend, to the extent it is alleged against Deloe and to the extent it is based on a claim that plaintiff's Sixth Amendment rights were violated.

2. The Second and Third Causes of Action are hereby DISMISSED without leave to amend, to the extent they are alleged against the County.

3. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated:  October 7, 2008

MAXINE M. CHESNEY
United States District Judge