United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LARY W. GREMP,

    Plaintiff,

  v.

SONOMA COUNTY, et al.,

    Defendants
                                       /

No. C-08-2303 MMC

**ORDER DENYING ADMINISTRATIVE MOTION FOR ENTRY OF JUDGMENT AS TO DEFENDANT KATHLEEN DELOE**

    Before the Court is plaintiff's "Administrative Motion for Entry of Judgment as to Defendant Kathleen Deloe," filed October 23, 2008, by which plaintiff seeks entry of final judgment as to his claims against defendant Kathleen Deloe ("Deloe").[1]

    The motion is procedurally improper because the matter presented is governed by a federal rule, specifically, Rule 54(b) of the Federal Rules of Civil Procedure. See Civil L.R. 7-11 (providing "motion for administrative relief" improper where matter presented is "governed by a federal statute, Federal or local rule or standing order").

---

[1] Plaintiff did not provide the Court with a chambers copy of said motion. For future reference, plaintiff is reminded of the following provision in the Court's Standing Orders: "In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked 'Chambers Copy' and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and 'E-Filing Chambers Copy.'"

1     Moreover, the motion is substantively deficient, because plaintiff has failed to make
2 any showing why entry of final judgment as to plaintiff's claims against Deloe would be
3 proper, much less show that this is an "unusual case in which the costs and risks of
4 multiplying the number of proceedings and of overcrowding the appellate docket are
5 outbalanced by pressing needs of the litigants for an early and separate judgment as to
6 some claims or parties." See Morrison-Knudsen Co. v. Archer, 655 F. 2d 962, 965 (9th Cir.
7 1981).

8     Accordingly, plaintiff's motion is hereby DENIED.

9     **IT IS SO ORDERED.**

11 Dated: November 6, 2008

                                        MAXINE M. CHESNEY
                                        United States District Judge