IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARY W. GREMP,<br><br>            Plaintiff,<br><br>   v.<br><br>SONOMA COUNTY, et al.,<br><br>            Defendants | No. C-08-2303 MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR COSTS; VACATING HEARING** |

Before the Court is defendants Sonoma County and Bill Cogbill's (collectively, "County Defendants") "Motion for Costs Following Refiling of Previously Dismissed Case," filed April 10, 2009. Plaintiff Lary W. Gremp has filed opposition, to which the County Defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for May 29, 2009, and rules as follows.

In their motion, the County Defendants seek to recover, pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, attorney's fees and costs incurred in the prior action filed by plaintiff against them, specifically, Gremp v. Sonoma County, Civil Case No. 07-2316 MMC.

The primary "purpose" of Rule 41(d), as one circuit court of appeals has noted, "is to

deter forum shopping and vexatious litigation." See Esposito v. Piatrowski, 223 F.3d 497, 501 (7th Cir. 2000).  Here, there is no showing that plaintiff's filing of the instant action was motivated by either forum shopping or to engage in vexatious conduct.  Further, to the extent there may exist other circumstances under which an award of fees and costs under Rule 41(d) may be proper, no other such circumstance is apparent here.  Indeed, the earlier action was dismissed by plaintiff at the suggestion of the Court, and upon the parties' stipulation, as a way to preserve resources and to consolidate all of plaintiff's claims arising from his 2006 arrest in a single action.

Accordingly, the Court declines to exercise its discretion to award the County Defendants fees and costs at this time, and hereby DENIES the motion.  Such denial, however, is without prejudice to the County Defendants seeking an award of fees and costs should they ultimately prevail herein, at which time the Court will consider the propriety of awarding fees and costs incurred in connection with the earlier action as well.

**IT IS SO ORDERED.**

Dated:  May 27, 2009

MAXINE M. CHESNEY
United States District Judge

2